Jeffrey C. Metzcar (*appearance pro hac vice pending*)
Jeff.Metzcar@ThompsonHine.com
THOMPSON HINE LLP
10050 Innovation Drive, Suite 400
Dayton, Ohio 45342-4934
Telephone: (937) 443-6841
Facsimile: (937) 443-6635

Stephen J. Butler (*appearance pro hac vice pending*)
Steve.Butler@ThompsonHine.com
THOMPSON HINE LLP
312 Walnut Street, 14th Floor
Cincinnati, Ohio 45202
Telephone: (513) 352-6587
Facsimile: (513) 241-4771

Roderick M. Thompson (State Bar No. 96192
rthompson@fbm.com
Laura Pedersen (State Bar No. 313570)
lpedersen@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Defendant TARGRAY TECHNOLOGY INTERNATIONAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CELGARD, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>TARGRAY TECHNOLOGY INTERNATIONAL, INC.,<br><br>Defendant. | Case No. 5:19-cv-02401-VKD<br><br>**ANSWER AND DEMAND FOR JURY TRIAL**<br><br>Hon. Mag. Judge Virginia K. DeMarchi |

Defendant, Targray Technology International, Inc. ("Targray"), answers the Complaint of Plaintiff, Celgard, LLC ("Celgard"), as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement of United States Patent No. 6,432,586, ("the '586 patent"), entitled "Separator for a High Energy Rechargeable Lithium Battery," under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*., and seeking damages, injunctive relief, and other relief as appropriate under 35 U.S.C. § 281, *et seq*. A true and correct copy of the '586 patent is attached hereto as **Exhibit A**.

ANSWER: Paragraph 1 of the Complaint does not contain any allegations to which a response is required. However, to the extent that paragraph 1 was intended to elicit a response, Targray admits that the Complaint purports to be a patent infringement action brought by Celgard and that a copy of the asserted patent is attached to the Complaint. Targray denies all other allegations in paragraph 1.

## THE PARTIES

2. Celgard is a limited liability company organized and existing under the laws of Delaware, with its principal place of business located in Charlotte, North Carolina. Celgard is directly owned by Polypore International, LP, which is headquartered in Charlotte, North Carolina, and is indirectly owned by Asahi Kasei Corporation, which is headquartered in Japan.

ANSWER: Targray is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore denies these allegations.

3. Celgard is a global leader in the development and production of specialty microporous membranes, including separators used in lithium-ion batteries for consumer electronic devices and electric vehicles. Celgard's leading market position is attributable, in part, to its development, maintenance, and enforcement of its intellectual property, including the '586 patent. Indeed, in presentations to customers, potential customers, and industry

audiences, Celgard frequently lists the ’586 patent as a major part of its success in the ceramic coated separator market.

<u>ANSWER:</u> Targray is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, and therefore denies these allegations.

4. On information and belief, Targray Technology International Inc. (“Targray”) is a corporation organized and existing under the laws of Canada, with its principal place of business in Kirkland, Quebec, Canada. Targray is registered to do business in the State of California. Its principal office in the State of California is 27665 Forbes Road, Suite 101, Laguna Niguel, CA 92677.

<u>ANSWER:</u> Targray admits the allegations of paragraph 4.

5. On information and belief, Targray is engaged in the business of developing, offering to sell, and selling products to companies and institutions throughout the United States, including the State of California. Targray competes with Celgard in the battery separator market. As detailed below, Targray sells certain ceramic coated separator products that directly infringe the ’586 patent.

<u>ANSWER:</u> Targray admits that it is in the business of offering to sell and selling products throughout the United States. Targray further admits that it has offered to sell and sold a small number of ceramic coated battery separator products in the United States. Targray denies all other allegations in paragraph 5.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, 35 U.S.C. §§ 271 and 281-285.

ANSWER: Targray admits the allegations in paragraph 6.

7. Venue is proper in this judicial district for Targray under 28 U.S.C. § 1391(c) because Targray is a Canadian (foreign) corporation not resident in the United States and it may be sued in any judicial district under 28 U.S.C. § 1391(c)(3).

ANSWER: Targray admits that it is a Canadian corporation and that venue is proper in this judicial district. Targray denies all other allegations in paragraph 7.

8. This Court may exercise personal jurisdiction over Targray because Targray is registered to do business in the State of California and, on information and belief, has substantial business in California and has purposefully availed itself of the rights and privileges of conducting business in California.

ANSWER: Targray admits that it is registered to do business in the State of California, that it has conducted business in California, and that it is subject to personal jurisdiction in California with respect to this action. Targray denies all other allegations in paragraph 8.

9. Targray has infringed and/or continues to infringe the ’586 patent, identified below, in this judicial district.

ANSWER: Targray denies the allegations in paragraph 9.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

## TECHNOLOGY BACKGROUND

10. Lithium batteries are typically constructed with a thin porous insulating film (the separator) that allows the battery to operate but prevents the electrodes (cathode and anode) from contacting each other. When the battery is discharged, positively charged lithium ions flow from the anode, through the separator, to the cathode. This process leaves a negative charge of electrons on the anode. When charging, the flow is reversed. In a rechargeable (secondary) lithium battery, the charge and discharge states are repeated during use. The process of charging and discharging the battery is referred to as one cycle.

ANSWER: Targray admits the allegations in paragraph 10.

11. Lithium batteries present certain unique safety challenges due to their chemical design and composition. One such challenge is lithium dendrite growth—the irregular growth of a metal on an electrode during charging or discharging. Over repetitive charge-discharge cycles, dendrites may grow out from the electrode's surface in a needle-like structure. As the battery is cycled further, the dendrite may continue to grow, penetrating the separator and making direct, physical contact with the opposite electrode. When such contact is made, an electrical short circuit of the battery may occur. This may cause the battery to malfunction. In certain scenarios, it may cause the battery's internal temperature to rise quickly and uncontrollably, leading to thermal runaway and catastrophic failure.

ANSWER: Targray admits the allegations in paragraph 11.

12. The battery industry has long identified dendrite growth and associated electronic shorting as a significant safety issue. Prior to the invention disclosed in the '586 patent, however, solutions to the problem were varied and achieved mixed results.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

ANSWER: Targray admits that dendrite growth and associated electronic shorting is a significant safety issue for lithium batteries. Targray is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 12, and therefore denies these allegations.

13. In at least 2000, Celgard research scientist Dr. Zhengming Zhang invented the separator technology described and claimed in the ’586 patent to address safety and durability problems in lithium batteries. Dr. Zhang’s separator has (1) a ceramic composite layer (or coating) including a mixture of inorganic particles and a matrix material, and (2) a polyolefinic microporous layer. The claimed separator’s ceramic composite layer combines inorganic particles within a matrix material to create a composite layer adapted to at least block dendrite growth and prevent electrical shorts, improving the safety and commercialization of high-energy lithium batteries. The claimed separator’s polyolefinic microporous layer is adapted to block ionic flow between the anode and cathode at an elevated temperature such as during thermal runaway. This shutdown functionality further improves battery safety.

ANSWER: Targray is without knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 13, and therefore denies these allegations.

14. Today, ceramic coated separators are increasingly common in the rechargeable (often large format) lithium batteries used in electric vehicles and for other high-power applications. Much of the plug-in electric vehicle market in the U.S. has adopted ceramic coated separator technology. As the electric vehicle market continues to grow, an increasing percentage of manufacturers have turned to ceramic coated separators as a means to improve battery safety, battery cycle life, and vehicle driving range.

ANSWER: Targray admits that ceramic coated separators are used in some of the rechargeable lithium batteries used in electric vehicles in the U.S. Targray is without knowledge or

sufficient information to form a belief as to the truth of the remaining allegations in paragraph 14, and therefore denies these allegations.

**U.S. PATENT NO. 6,432,586**

15. Celgard is the owner by assignment of all right, title, and interest in and to the ’586 patent, including the right to sue for past damages and injunctive relief. The ’586 patent was duly and legally issued by the United States Patent and Trademark Office on August 13, 2002, and is active as to Claim 12.

ANSWER: Targray is without knowledge or sufficient information to form a belief as to the truth of whether Celgard is the owner of all right, title, and interest in and to the ‘586 patent, and therefore denies this allegation. Targray denies that the ‘586 patent was duly and legally issued. Targray admits the remaining allegations in paragraph 15.

16. On information and belief, Celgard’s enforcement of the ’586 patent against infringing parties is well known within the battery and battery materials industry.

ANSWER: Targray is without knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 16, and therefore denies these allegations.

17. In 2013, Celgard filed suit against Sumitomo Chemical Co., Ltd., in the United States District Court for the Western District of North Carolina for infringement of the ’586 patent. The suit was resolved pursuant to agreement of the parties. The suit and its resolution were subject to national, industry-focused media coverage as shown in **Exhibit B** attached hereto.

ANSWER: Targray admits that Exhibit B to the Complaint describes a suit purportedly filed by Celgard in 2013 against Sumitomo Chemical Co., Ltd., in the United States District Court for the Western District of North Carolina for infringement of the ’586 patent. Targray is without

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

knowledge or sufficient information to form a belief as to the truth of the remaining allegations in paragraph 17, and therefore denies these allegations.

18. In 2014, Celgard filed a patent infringement suit against LG Chem Ltd. and LG Chem America, Inc. (collectively, "LG Chem") in the United States District Court for the Western District of North Carolina for infringement of the '586 patent. The suit was resolved pursuant to agreement of the parties after significant district court litigation and patent office proceedings. The suit and its resolution were subject to national, industry-focused media coverage as shown in **Exhibit C** attached hereto.

ANSWER: Targray admits that Exhibit C to the Complaint describes a suit purportedly filed by Celgard in 2014 against LG Chem Ltd. and LG Chem America, Inc. in the United States District Court for the Western District of North Carolina for infringement of the '586 patent. Targray is without knowledge or sufficient information to form a belief as to the truth of the remaining allegations in paragraph 18, and therefore denies these allegations.

19. In 2014, Celgard filed suit against SK Innovation Co., Ltd. ("SK Innovation") in the United States District Court for the Western District of North Carolina for infringement of the '586 patent. The suit was resolved pursuant to agreement of the parties after significant district court litigation and patent office proceedings. The suit and its resolution were subject to national, industry-focused media coverage as shown in **Exhibit D** attached hereto.

ANSWER: Targray admits that Exhibit D to the Complaint describes a suit purportedly filed by Celgard in 2014 against SK Innovation Co., Ltd. in the United States District Court for the Western District of North Carolina for infringement of the '586 patent. Targray is without knowledge or sufficient information to form a belief as to the truth of the remaining allegations in paragraph 19, and therefore denies these allegations.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

20. In December 2018, Celgard filed a patent infringement suit against MTI Corporation in the United States District Court for the Northern District of California for infringement of the ’586 patent. *Celgard, LLC v. MTI Corporation*, No. 5:18-cv-07441-VKD (N.D. Cal. filed Dec. 11, 2018). The suit against MTI is ongoing in this Court and has been the subject of national and international industry-focused media coverage. *See, e.g.*, **Exhibit E**.

ANSWER: Targray admits that Exhibit E to the Complaint describes a suit purportedly filed by Celgard in 2018 against MTI Corporation in the United States District Court for the Northern District of California for infringement of the ’586 patent. Targray is without knowledge or sufficient information to form a belief as to the truth of the remaining allegations in paragraph 20, and therefore denies these allegations.

21. The validity of Claim 12 of the ’586 patent was challenged by both LG Chem and SK Innovation. The Patent Trial and Appeal Board (PTAB) rejected all challenges to Claim 12, which remains valid and enforceable.

ANSWER: Targray denies that claim 12 of the ‘586 patent is valid and enforceable but otherwise admits the allegations in paragraph 21.

## TARGRAY’S INFRINGING CONDUCT

22. Targray represents itself as a global supplier of “battery electrodes, anode materials (graphite, graphene, LTO), cathode materials, electrolyte solutions, separators, packaging materials and lithium-ion cells.” Targray claims to be an “international leader in the sourcing, transportation, storage, financing, distribution and supply of specialty materials and supply chain solutions for the Biofuels, Solar PV and Battery sectors.” Targray states that it works with “battery manufacturers and researchers through every stage of the product development cycle, from early innovation to large-scale production.”

ANSWER: Targray admits the allegations in paragraph 22.

23. On information and belief, Targray is aware of Celgard and its products, including Celgard's separator products.

ANSWER: Targray admits that it is generally aware of Celgard and that Celgard provides separator products, but otherwise denies the allegations in paragraph 23.

24. Targray offers for sale ceramic coated lithium-ion battery separators, including but not limited to those sold under the model numbers SH416W14, SH416W22, SH216D14, and SH216D22. These and other battery separators are available for purchase through Targray's customer service contacts and are advertised on Targray's website.

ANSWER: Targray admits that it previously sold ceramic coated lithium-ion battery separators, including model numbers SH416W14, SH416W22, SH216D14, and SH216D22 but otherwise denies the allegations in paragraph 24. Targray is no longer offering for sale ceramic coated lithium-ion battery separators in the United States.

25. Targray states that "[t]he latest addition to Targray's line of battery separators, our ceramic separators delivers an exceptional combination of safety, temperature performance and life cycle for lithium-ion battery manufacturers and R&D facilities. Given their rigorous safety and performance features, our ceramic separators are ideally suited for advanced li-ion battery applications, namely electric vehicles and energy storage systems."

ANSWER: Targray admits the allegations in paragraph 25.

26. Targray's SH416W14 and SH416W22 separators are ceramic-coated wet process polyethylene separators, which Targray explains "are also available with aluminum oxide ceramic coating to further enhance safety characteristics."

ANSWER: Targray admits the allegations in paragraph 26.

27. Targray's SH216D14 and SH216D22 separators are "ceramic-coated dry process ceramic separators," which Targray explains "are also available with aluminum oxide ceramic coating to further enhance safety characteristics."

ANSWER: Targray admits the allegations in paragraph 27.

28. Targray's SH416W22 and SH216D22 are the double-side coated versions of SH416W14 and SH216D14, respectively.

ANSWER: Targray admits the allegations in paragraph 28.

29. At least Targray's SH416W14, SH416W22, SH216D14, and SH216D22 separators infringe Claim 12 of the '586 patent. Claim 12 of the '586 patent recites:

> A separator for an energy storage system comprises:
>
> at least one ceramic composite layer or coating, said layer including a mixture of 20-95% by weight of inorganic particles selected from the group consisting of $SiO_2$, $Al_2O_3$, $CaCO_3$, $TiO_2$, $SiS_2$, $SiPO_4$, and mixtures thereof, and 5-80% by weight of a matrix material selected from the group consisting of polyethylene oxide, polyvinylidene fluoride, polytetrafluoroethylene, copolymers of the foregoing, and mixtures thereof, said layer being adapted to at least block dendrite growth and to prevent electronic shorting; and
>
> at least one polyolefinic microporous layer having a porosity in the range of 20-80%, an average pore size in the range of 0.02 to 2 microns, and a Gurley Number in the range of 15 to 150 sec, said layer being adapted to block ionic flow between an anode and a cathode.

ANSWER: Targray denies that its separators infringe claim 12 of the 586 patent, but otherwise admits the allegations in paragraph 29.

30. The above-identified Targray ceramic coated separators comprise a ceramic composite layer or coating composed of inorganic particles of the nature and weight percentage (or the equivalent thereto) set forth in Claim 12 of the ’586 patent. Targray represents that its ceramic coated separator products have an “aluminum oxide ceramic coating to further enhance safety characteristics.”

ANSWER: Targray admits that it represents that its ceramic coated separator products have an aluminum oxide ceramic coating to further enhance safety characteristics. With respect to the remaining allegations in paragraph 30, Targray is without knowledge or information sufficient to form a belief as to their truth, and therefore denies these allegations.

31. The above-identified Targray ceramic coated separators comprise a ceramic composite layer or coating composed of a matrix material of the nature and weight percentage (or the equivalent thereto) set forth in Claim 12 of the ’586 patent.

ANSWER: Targray is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31, and therefore denies these allegations.

32. The above-identified Targray ceramic coated separators comprise a ceramic composite layer that is “adapted to at least block dendrite growth and prevent electronic shorting” as set forth in Claim 12 of the ‘586 patent. On its website, Targray acknowledges that its “battery separators must be able to withstand penetration and branching moss-like crystalline minerals in order to prevent the contamination of electrodes. If the separator material is compromised, the performance of the high-power cell declines.”

ANSWER: Targray admits that it states on its website that "battery separators must be able to withstand penetration and branching moss-like crystalline minerals in order to prevent the contamination of electrodes. If the separator material is compromised, the performance of the high-power cell declines." Targray denies, however, that its ceramic coated separators comprise a ceramic composite layer that is "adapted to at least block dendrite growth and prevent electronic shorting" as that term is properly construed in Claim 12.

33. The above-identified Targray ceramic coated separators comprise a polyolefinic microporous layer having porosity, average pore size, and Gurley Number measurements within the ranges (or the equivalents thereto) set forth in Claim 12 of the '586 patent.

ANSWER: Targray is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33, and therefore denies these allegations.

34. The above-identified Targray ceramic coated separators comprise a polyolefinic microporous layer that is "adapted to block ionic flow between an anode and a cathode," as set forth in Claim 12 of the '586 patent.

ANSWER: Targray denies that the identified ceramic coated separators comprise a polyolefinic microporous layer that is "adapted to block ionic flow between an anode and a cathode" as that term is properly construed in Claim 12.

## FIRST CLAIM FOR RELIEF

### Infringement of the '586 patent

35. Celgard realleges each and every allegation set forth in Paragraphs 1 through 34 and incorporates them here by reference.

ANSWER: Paragraph 35 of the Complaint does not contain any new allegations to which a response is required. However, to the extent that paragraph 35 was intended to elicit a response, Targray incorporates its responses to paragraphs 1 through 34 of the Complaint.

36. Celgard is the owner by assignment of all rights, title, and interest in and to the ’586 patent.

ANSWER: Targray is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36, and therefore denies these allegations.

37. Claim 12 of the ’586 patent is valid and enforceable.

ANSWER: Targray denies the allegations in paragraph 37.

38. Upon information and belief, and in violation of 35 U.S.C. § 271(a), Targray has infringed and continues to directly infringe Claim 12 of the ’586 patent by making, using, offering for sale, selling, and/or importing in the United States ceramic coated separators covered by Claim 12 of the ’586 patent, including but not limited to at least Targray’s ceramic coated separators identified above by model number.

ANSWER: Targray denies the allegations in paragraph 38.

39. Targray has had actual knowledge of the ’586 patent at least as of the filing of this Complaint. Targray’s continued infringement on or after this date is in spite of the objectively high likelihood that its activities constitute infringement of a valid patent, and this risk was either known or so obvious that it should have been known to Targray. Thus, Targray’s continued infringement at least as of the filing of this Complaint is willful and deliberate.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

ANSWER: Targray denies the allegations in paragraph 39.

40. On information and belief, a reasonable opportunity for further investigation or discovery will show that Targray had actual knowledge of the ’586 patent before the filing of this Complaint and continued its infringement in spite of the objectively high likelihood that its activities constituted infringement of a valid patent. Celgard’s ownership and previous enforcement of the ’586 patent is well known in the battery and battery materials industry. Further, Celgard and Targray are competitors in the battery separator market.

ANSWER: Targray denies the allegations in paragraph 40.

41. Celgard has suffered and continues to suffer damages and irreparable harm as a result of Targray’s past and ongoing infringement. Unless and until Targray’s infringement is enjoined, Celgard will continue to be damaged and irreparably harmed.

ANSWER: Targray denies the allegations in paragraph 41.

42. Celgard is entitled to all remedies at law and equity, including, but not limited to, an injunction against Targray’s infringement of the ’586 patent pursuant to 35 U.S.C. § 283.

ANSWER: Targray denies the allegations in paragraph 42.

43. Celgard is entitled to damages for Targray’s infringement of the ’586 patent, including, but not limited to, damages pursuant to 35 U.S.C. §§ 284, 285.

ANSWER: Targray denies the allegations in paragraph 43.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

## REQUEST FOR RELIEF

Celgard respectfully asks that the Court enter judgment in its favor as follows:

A. Finding that Targray has infringed and is infringing the ’586 patent;

B. Finding that Targray’s infringement of the ’586 patent has been and continues to be willful;

C. Awarding Celgard damages adequate to compensate it for Targray’s past and present infringement, but in no event less than a reasonable royalty;

D. Awarding an accounting and supplemental damages for those acts of infringement committed by Targray subsequent to the discovery cut-off date in this action through the date Final Judgment is entered;

E. Ordering that damages for infringement of the ’586 patent be trebled as provided for by 35 U.S.C. § 284 for Targray’s willful infringement of the ’586 patent;

F. Finding that this case is exceptional;

G. Awarding Celgard its attorneys’ fees and costs, together with prejudgment and post-judgment interest;

H. Preliminarily and permanently enjoining Targray and its parents, subsidiaries, affiliates, officers, directors, agents, servants, employees, successors and assigns, and all others in active concert or participation with any of the foregoing from any further acts of infringement, including contributing to infringement, of the ’586 patent; and

I. Any further relief that this Court deems just and proper.

<u>ANSWER:</u> Targray denies that Celgard is entitled to any of the requested relief or any relief whatsoever.

## <u>AFFIRMATIVE DEFENSES</u>

Targray asserts the following affirmative defenses and reserves the right to amend it answer and assert additional affirmative defenses as additional information becomes available.

**FIRST DEFENSE**

44. Targray has not infringed any claim of the '586 patent – directly, indirectly, literally, under the doctrine of equivalents or otherwise.

**SECOND DEFENSE**

45. Claim 12 of the '586 patent is invalid for failure to comply with one or more provisions of the patent laws and regulations of the United States including, without limitation, 35 U.S.C. §§ 102, 103, and 112 at least because (i) claim 12 is anticipated or at least rendered obvious by one or more public uses, prior art patents and publications that, either alone or in combination, teach every limitation of the claim including, for example, US Patent Nos. 5,741,608 and 4,650,730, and (ii) claim 12 is indefinite because the terms "adapted to at least block dendrite growth and to prevent electronic shorting" and "adapted to block ionic flow between an anode and a cathode" fail to define additional structure beyond claim 7, which was previously found invalid by the USPTO.

Dated: June 24, 2019

FARELLA BRAUN + MARTEL LLP

By: */s/ Roderick M. Thompson*
Roderick M. Thompson

Attorney for Defendant
TARGRAY TECHNOLOGY INTERNATIONAL INC.