UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CELGARD, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>TARGRAY TECHNOLOGY INTERNATIONAL INC.,<br><br>    Defendant. | Case No.19-cv-02401-VKD<br><br>**ORDER GRANTING ADMINISTRATIVE MOTIONS TO SEAL; DENYING MOTION TO STRIKE AND MOTION FOR SANCTIONS**<br><br>Re: Dkt. Nos. 30, 39, 40, 41 |

Plaintiff Celgard, LLC ("Celgard") moved for a preliminary injunction against defendant Targray Technology International Inc. ("Targray") with respect to Targray's alleged infringement of U.S. Patent No. 6,432,586 ("the '586 patent").[1] Dkt. No. 32. In connection with that proceeding, Celgard has filed the following additional motions: (1) an administrative motion to seal Celgard's motion for a preliminary injunction and supporting materials; (2) an administrative motion to seal Targray's opposition to the preliminary injunction motion and supporting materials; (3) a motion to strike Targray's opposition brief and supporting materials; and (4) a motion for sanctions. Dkt. Nos. 30, 39, 40, 41. The Court held a hearing on Celgard's motions on August 13, 2019. Dkt. No. 61.

Having considered the parties' moving papers and arguments made at the hearing, the Court grants Celgard's administrative motion to seal Celgard's preliminary injunction motion and supporting materials, and grants in part Celgard's administrative motion to seal Targray's opposition brief and supporting materials. The Court denies Celgard's motion to strike as moot,

---

[1] The '586 patent has since been reissued as U.S. Reissued Patent No. RE47,520. Dkt. No. 69 ¶ 1.

1   and denies Celgard's motion for sanctions.[2]

**I.   BACKGROUND**

Celgard filed a motion for preliminary injunction on June 11, 2019. Dkt. No. 30. That motion relied in part on information concerning materials used in Celgard's separator products, pricing, sales, market shares, and relationships with specific Celgard customers, all of which Celgard says it considers competitively sensitive and confidential business and financial information. Celgard moves to seal the portions of its motion and supporting materials that disclose that information. *Id.*

Targray filed an opposition brief on June 25, 2019, stating that although it does not concede that the '586 patent is valid or infringed, it consents to the entry of a preliminary injunction. Dkt. No. 38 at 2. In support of its opposition, Targray filed on the public docket the declaration of its counsel, Jeffrey Metzcar, which discussed and attached emails exchanged between the parties' attorneys regarding their settlement negotiations and Celgard's proposed settlement agreement. Dkt. No. 38 at 3–5; Dkt. No. 38-2. Celgard objected to Targray's disclosure of this information and thereafter filed an administrative motion to seal portions of Targray's opposition brief and the Metzcar declaration and its exhibits pursuant to Civil Local Rule 79-5. Dkt. No. 39. Celgard also filed a motion to strike the same portions of Targray's opposition, and a motion for sanctions. Dkt. Nos. 40, 41.

**II.   DISCUSSION**

   **A.   Administrative Motions to Seal**

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (internal quotation marks and citation omitted). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d

---

[2] The Court addresses Celgard's motion for a preliminary injunction in a separate order. Dkt. No. 64.

2

1092, 1101 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety,* 137 S. Ct. 38 (2016). Where a motion for a preliminary injunction is "more than tangentially related to the merits," the compelling reasons standard applies. *Id.* at 1102.

Here, the operative complaint seeks, among other things, a preliminary and permanent injunction against Targray for further acts of infringement. Dkt. No. 42 at 12. If Celgard's preliminary injunction motion were successful, it would have obtained a portion of the injunctive relief sought. Accordingly, the Court finds that Celgard's preliminary injunction motion is more than tangentially related to the merits, and therefore the "compelling reasons" standard applies. *Ctr. for Auto Safety*, 809 F.3d at 1102.

### 1. Celgard's Preliminary Injunction Motion

Celgard seeks to seal portions of its motion for a preliminary injunction, portions of the accompanying declaration of Dr. Ralph E. White and Exhibits 15 and 16 thereto, and portions of the accompanying declaration of Ian MacCallum and Exhibits I, L, O, and R thereto. Dkt. No. 30. Celgard asserts that these documents reveal its trade secrets and proprietary business and sensitive financial information. *Id.* at 3. Celgard relies solely on its counsel's declaration, which very briefly and generally asserts that the documents sought to be sealed "contain highly confidential financial data, highly confidential internal business plans, and trade secret information." Dkt. No. 30-1 ¶ 3. Ordinarily, this would be insufficient to satisfy the "compelling reasons" standard or Civil Local Rule 79-5. *Kamakana*, 447 F.3d at 1178–79 (noting that "compelling reasons" must be "supported by specific factual findings"). However, Targray does not oppose Celgard's motion to seal, and the Court, having examined the portions sought to be sealed, finds that they appear to contain confidential, competitively sensitive information and that the proposed redactions are narrowly tailored. Accordingly, the Court grants Celgard's motion to seal its motion for preliminary injunction and accompanying documents.[3]

---

[3] Targray says that Celgard never served it with unredacted copies of Celgard's preliminary injunction motion papers. Dkt. No. 48 at 6. Celgard's failure to provide Targray with unredacted courtesy copies violates Civil Local Rule 79-5(d)(2). The Court expects the parties to fully comply with the Civil Local Rules.

3

### 2. Targray's Opposition

Celgard moves to seal portions of Targray's opposition to the preliminary injunction motion, paragraph 2 of the accompanying Metzcar declaration, and Exhibits A, B, C, and D attached to the Metzcar declaration.[4] Dkt. No. 39. Celgard argues that these documents reveal confidential settlement communications between the parties and a proposed settlement agreement, and that such material includes Celgard's trade secrets. Celgard claims that, if the material is permitted to be filed publicly, future accused infringers and existing licensees will be able to use those materials to their advantage and Celgard's disadvantage, and that Celgard's competitors will be able to unfairly compete with it because they will have a preview of its negotiating positions and strategy.

Although Celgard's sealing motion is based solely on assertions made in its counsel's declaration, the Court finds compelling reasons to seal the requested portions of Targray's opposition and supporting materials. First, even though the parties did not enter into a formal confidentiality agreement with respect to their communications, the documents themselves reflect that both parties expected their settlement communications to be confidential and that they treated them as confidential—at least until Targray filed its opposition papers. Second, courts have long recognized the general policy of protecting settlement negotiations and communications in order to promote settlement. *See, e.g.*, *United States v. Contra Costa Cty. Water Dist.*, 678 F.2d 90, 92 (9th Cir. 1982) ("By preventing settlement negotiations from being admitted as evidence, full and open disclosure is encouraged, thereby furthering the policy toward settlement."). This policy underlies Federal Rule of Evidence 408, which provides that evidence of conduct or statements made during settlement negotiations is not admissible when offered to prove liability, although it may be admitted for other purposes. Fed. R. Evid. 408; *Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1161 (9th Cir. 2007).

Targray says that it referenced the settlement materials for a purpose permitted under Rule 408(b), i.e., to "explain[] to the Court why it was necessary for Targray to file this opposition

---

[4] Celgard filed a reply brief in support of its administrative motion to seal Targray's opposition brief. Dkt. No. 47. Civil Local Rule 7-11 does not authorize replies for administrative motions. The Court therefore does not consider Celgard's reply brief.

4

memorandum while consenting to the entry of an injunction." Dkt. No. 38 at 3 n.5. That assertion is not persuasive. The parties' settlement negotiations are not relevant to any issue bearing on the merits of Celgard's preliminary injunction motion. Rather, it appears that Targray referenced and attached the settlement materials to demonstrate that Celgard's motion and continued prosecution of its infringement claim was unreasonable and an "attempt to use the pendency of [the preliminary injunction] motion and other deadlines in this litigation to exact relief from Targray it could never have recovered" otherwise. Dkt. No. 38 at 3 n.3. Conversely, if Targray actually intended to rely on the settlement materials to show that Celgard did not, in fact, suffer the nature and extent of harm it claims to have suffered, such use is expressly prohibited by Federal Rule of Evidence 408. Fed. R. Evid. 408(a) (prohibiting admission of evidence of a settlement offer or conduct or statements made during negotiation to prove or disprove the amount of a disputed claim).

The Court finds that compelling reasons favor sealing those portions of Targray's opposition brief and supporting materials that reveal the parties' confidential settlement communications. However, Celgard has not provided compelling reasons to justify sealing *all* portions of the materials that are the subject of its sealing request. While Celgard's arguments in support of its administrative motion to seal focus solely on the settlement materials, lines 5-7 of page 3 of Targray's opposition brief do not refer to such matters, and Celgard has provided no justification for sealing that portion of Targray's brief. Accordingly, the Court denies Celgard's motion to seal lines 5-7 of page 3 of Targray's opposition brief.

### B. Celgard's Motion to Strike and Motion for Sanctions

As an alternative to sealing the portions of Targray's opposition brief that Celgard finds objectionable, Celgard asks the Court to strike those portions. Because the Court grants in part Celgard's motion to seal portions of Targray's opposition brief and because the Court did not consider those portions of Targray's opposition in deciding Celgard's preliminary injunction motion, it denies the motion to strike as moot.

Celgard also requests that the Court sanction Targray and its counsel for publicly disclosing the parties' settlement communications and Celgard's proposed settlement agreement.

5

Dkt. No. 41. Celgard has not made a showing of any harm that resulted from the disclosure. Dkt. No. 41 at 4 (describing only "potential for huge damage to Celgard" resulting from "aggregators and competitors" having access to the documents for "over 16 hours").

At the hearing, the Court admonished Targray's counsel for filing the settlement materials publicly and refusing to cooperate with Celgard in withdrawing them after Celgard objected. The Court will not sanction Targray or its counsel at this time. The Court will, however, order the following relief: Targray and its counsel must (1) identify any third party to whom the settlement materials were disclosed, and (2) retrieve all copies of the settlement materials from any such third party. No later than **August 22, 2019**, counsel for Targray shall provide a declaration to counsel for Celgard identifying all such third parties and verifying that all settlement materials provided to such third parties have been retrieved.

## III. CONCLUSION

For the foregoing reasons, the Court grants Celgard's administrative motions to seal the following portions of the following documents:

| Document | Portions to Be Filed Under Seal |
|---|---|
| Celgard's Memorandum in Support of its Motion for Preliminary Injunction (Dkt. No. 32) | Pg. i, line 20<br>Pg. 1, lines 10-12, 15<br>Pg. 7, lines 8-9, 12-23<br>Pg. 8, lines 19-23, 23-26, 29<br>Pg. 9, lines 1-10, 16<br>Pg. 12, line 20<br>Pg. 13, lines 19, 23-24, 25, 26-28<br>Pg. 16, lines 26-27<br>Pg. 17, lines 1-3, 6, 7-10, 11-16, 19, 24-28<br>Pg. 18, lines 1-4, 5-6, 8-11, 27<br>Pg. 19, lines 1, 7-9, 9-11<br>Pg. 21, lines 16-20<br>Pg. 22, lines 1, 9-10, 12, 19-20<br>Pg. 23, lines 5-6, 16-17<br>Pg. 24, lines 10-11, 12<br>Pg. 25, lines 7-8, 9-10 |
| Declaration of Dr. Ralph E. White in Support of Celgard's Motion for Preliminary Injunction (Dkt. No. 32-2) | Pg. 16, lines 10-11, 12-20, 21-23, 26<br>Pg. 17, line 1<br>Pg. 20, lines 1, 4-7, 17, 18-20 |

|  |  |
|---|---|
|  | Pg. 21, lines 1-9, 9-10<br>Pg. 23, lines 5-7, 7-13, 17-18, 22<br>Pg. 24, lines 19-21, 22-23, 25-28<br>Pg. 25, lines 1, 2-3 |
| Exhibit 15 to the White Declaration (Dkt. No. 32-17) | Entire document |
| Exhibit 16 to the White Declaration (Dkt. No. 32-18) | Entire document |
| Declaration of Ian McCallum in Support of Celgard's Motion for Preliminary Injunction (Dkt. No. 32-33) | Pg. 7, line 24<br>Pg. 8, lines 9-11, 15-17, 19-23, 24-26<br>Pg. 9, lines 1-9, 10-13, 23-24<br>Pg. 10, lines 26-27, 28<br>Pg. 11, lines 3-4, 18-27<br>Pg. 12, lines 18-23<br>Pg. 13, lines 1, 13-27<br>Pg. 14, lines 16-19, 20, 21, 23-25, 25-28<br>Pg. 15, lines 1-4, 5-6, 7-9, 10-11, 14-15, 24-26 |
| Exhibit I to the McCallum Declaration (Dkt. No. 32-42) | Entire document |
| Exhibit L to the McCallum Declaration (Dkt. No. 32-45) | Entire document |
| Exhibit O to the McCallum Declaration (Dkt. No. 32-48) | Entire document |
| Exhibit R to the McCallum Declaration (Dkt. No. 32-51) | Entire document |
| Targray's Opposition to Celgard's Motion for Preliminary Injunction (Dkt. No. 38) | Pg. 3, lines 12-22<br>Pg. 4, lines 1-28<br>Pg. 5, Lines 1-3, 7-9, 12-16 |
| Declaration of Jeffrey Metzcar in Support of Targray's Opposition to Preliminary Injunction (Dkt. No. 38-1) | Paragraph 2 |
| Exhibit A to the Metzcar Declaration (Dkt. No. 39-10) | Entire document |
| Exhibit B to the Metzcar Declaration (Dkt. No. 39-11) | Entire document |

| Exhibit C to the Metzcar Declaration (Dkt. No. 39-12) | Entire document |
|---|---|
| Exhibit D to the Metzcar Declaration (Dkt. No. 39-13) | Entire document |

The Court denies Celgard's motion to seal the following documents:

| **Document** | **Portions to Be Filed Under Seal** |
|---|---|
| Targray's Opposition to Celgard's Motion for Preliminary Injunction (Dkt. No. 38) | Pg. 3, lines 5-7 |

The Court denies Celgard's motion to strike and motion for sanctions, with the exception of the relief described above regarding third parties to whom settlement materials were disclosed.

**IT IS SO ORDERED.**

Dated: August 15, 2019



VIRGINIA K. DEMARCHI
United States Magistrate Judge